WO                                                                                                          MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rustam Ulfanov, | No. CV-20-00307-PHX-MTL (JZB) |
| Petitioner, | |
| v. | **ORDER** |
| Enrique Lucero, | |
| Respondent. | |

Petitioner Rustam Ulfanov (A# 094-657-431), who is detained in the CoreCivic La Palma Correctional Center in Eloy, Arizona, has filed a pro se Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in Federal Custody (Doc. 1). The Court will require Respondent to answer to the Petition.

**I.     Background**

Petitioner is a native of the former Soviet Union, now Uzbekistan. On June 27, 2005, he was admitted to the United States at the John F. Kennedy International Airport in Queens, New York as a refugee. Petitioner adjusted his status to that of a lawful permanent resident on September 13, 2006.

While serving a criminal sentence in state custody for misconduct involving weapons and possession of dangerous drugs, on August 18, 2015, Petitioner was issued a Notice to Appear by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), charging him as removable from the United States pursuant to Immigration and Nationality Act § 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i).

Following the completion of a five-year sentence, on March 28, 2019, Petitioner was transferred into ICE custody and detained for removal proceedings. On August 7, 2019, an immigration judge ordered him removed from the United States to Uzbekistan, or in the alternative, Russia, and denied his application for relief from removal.

On September 17, 2019, ICE submitted a request for travel documents for Petitioner with the consulate of Uzbekistan. On October 18, 2019, the consulate denied Petitioner citizenship and the request for travel documents. ICE then submitted a request for travel documents with the Russian consulate on October 24, 2019.

ICE conducted a review of Petitioner's custody status, and on November 8, 2019, it issued a decision to continue his detention. (Doc. 1 at 12-13.) The decision stated:

> Numerous factors were considered prior to arriving at the decision that [Petitioner] be retained in custody. It was determined that [he was] in the United States in violation of immigration law. [He is] presently [subject to] a final order of removal, and [his] removal is imminent pending the issuance of a travel document. Based on the above, [he is] to remain in ICE custody pending [his] removal from the United States.

(*Id.* at 13.)

Petitioner states that he "has cooperated with ICE and attempted to obtain travel documents from both Uzbekistan and Russia; however, both countries claim that he is not their citizen, and declined to issue travel documents. This decision appears to be final." (*Id.* at 5.)

**II.  Petition**

In the Petition, Petitioner names ICE Phoenix Field Office Director Enrique Lucero as the sole Respondent.[1]  Petitioner brings two claims for relief.

---

[1] Enrique Lucero is no longer the ICE Phoenix Field Office Director. Rule 25(d) of the Federal Rules of Civil Procedure Provides that "[a]n action does not abate when a public officer who is a party in an official capacity . . . ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party." Thus, the Court will direct the Clerk of Court to substitute current Acting ICE Phoenix Field Office Director Albert Carter as Respondent.

First, Petitioner challenges his prolonged detention in post-removal order custody. He claims that his detention in excess of six months without a hearing before an impartial decisionmaker to determine whether his detention is justified violates the Due Process Clause of the Fifth Amendment.

Second, Petitioner challenges his indefinite detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). He claims that he has been detained for more than six months since his order of removal became final and there is no significant likelihood that he will be removed from the United States in the reasonably foreseeable future.

Petitioner asks that the Court order Respondent to disclose the efforts that have been made to execute his removal from the United States and, if the Court finds that Petitioner's removal is unlikely to occur in the reasonably foreseeable future, order his release from custody. Petitioner further requests that the Court order his release from custody unless Respondent provides him with a hearing before an immigration judge at which the government must establish by clear and convincing evidence that Petitioner poses a flight risk or a danger to the community in order to justify his continued detention.

The Court will require Respondent to answer the Petition.

### III. Warnings

#### A. Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

#### B. Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet,* 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

. . . .

**IT IS ORDERED:**

(1) The Clerk of Court must substitute Acting ICE Phoenix Field Office Director Albert Carter for Enrique Lucero as Respondent.

(2) The Clerk of Court must **serve**: (1) a copy of the Summons, (2) the Petition (Doc. 1), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court must also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondent Carter pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(3) Respondent shall have **30 days** from the date of service to answer the Petition (Doc. 1). Respondent shall not file a dispositive motion in place of an answer absent leave of Court.

(4) Petitioner shall have **15 days** from the filing of Respondent's Answer to the Petition to file a Reply.

(5) *Respondent* must file a "Notice of Custody Status" with the Clerk of Court within **5 days** of any material change in Petitioner's custody or immigration status. Any request for relief must be made by separate motion and may not be included in the Notice.

(6) This matter is **referred** to Magistrate Judge John Z. Boyle pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 21st day of July, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

TERMPSREF

- 4 -