**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Rustam Ulfanov,<br><br>             Petitioner,<br><br>v.<br><br>Albert Carter,<br><br>             Respondent. | No. CV-20-00307-PHX-MTL<br><br>**ORDER** |

Pending before the Court is Magistrate Judge John Z. Boyle's Report and Recommendation ("R & R") (Doc. 18) recommending that the Court deny Petitioner's habeas petition (Doc. 1) as moot. Petitioner did not object to the R & R. For reasons expressed herein, the Court will adopt Magistrate Judge Boyle's recommendation.

**I.     BACKGROUND**

Petitioner Rustam Ulfanov is a native of the former Soviet Union, now Uzbekistan. (Doc. 16-1 at 3, 5.) Petitioner entered the United States as a refugee in June 2005. (*Id.* at 5.) On September 13, 2006, the United States Citizenship and Immigration Services adjusted his status to that of "Legal Permanent Resident." (*Id.* at 7.) While serving a criminal sentence in state custody for drug and weapon offenses, Petitioner was issued a Notice to Appear by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), charging him as removable in August 2015. (*Id.* at 26.) On March 28, 2019, Petitioner was transferred to ICE custody pending removal proceedings. (*Id.* at 32.) An Immigration Judge then ordered Petitioner removed

from the United States to Uzbekistan, or in the alternative, to Russia. (*Id.* at 34.) Petitioner waived his right to appeal and the judge's order became final. (*Id.*)

On September 17, 2019, ICE submitted a "Travel Document" request for Petitioner to the Consulate of Uzbekistan in New York, New York. (*Id.* at 44.) The consulate denied Petitioner's citizenship and declined to issue travel documents. (*Id.* at 47.) A request was also submitted to the Consulate of Russia in Houston, Texas, but that travel authorization remains pending. (*Id.* at 74.)

Petitioner filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2241 on February 10, 2020. (Doc. 1.) Petitioner challenged his detention in ICE custody and argued that this prolonged detention violated his constitutional rights. (*Id.*) Respondent filed a Response to the Petition. (Doc. 16.) Respondent then filed a Notice of Release and Suggestion of Mootness, stating that the Petitioner has been released from ICE custody and placed on supervised release in November 2020. (Doc. 17 at 1.) This Notice contends that the Petition is now moot because of Petitioner's release. (*Id.* at 2.)[1] Petitioner did not reply to this notice.

Magistrate Judge Boyle issued the R & R on January 11, 2021. (Doc. 18.) It sets forth a thorough history of Petitioner's underlying proceedings and an in-depth analysis of the mootness issue. The R & R states that "Petitioner sought release from detention, but he is no longer detained. Petitioner's case is rendered moot because there is no case or controversy." (*Id.* at 3.) The R & R therefore concludes that the Petition should be dismissed with prejudice. (*Id.* at 4.) The R & R informed the parties that they had "fourteen (14) days from the date of service of a copy of [the R & R] within which to file specific written objections with the Court" and that "[f]ailure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues." (*Id.* at 4) (citations

---

[1] The Notice also mentions that "Petitioner's release conditions required that he wear a GPS ankle monitor and check in with ICE by telephone daily. On November 24, 2020, Petitioner removed the ankle monitor, and is not answering the phone number he provided to ICE. Petitioner is considered to have absconded." (*Id.* at 1 n.1.)

omitted). No party has objected to the R & R as of this date.[2]

## II. LEGAL STANDARDS

A petition for writ of habeas corpus filed under 28 U.S.C. § 2241 "challenge[s] the manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000). Parties have 14 days from service of the R & R within which to file specific written objections with the Court. 28 U.S.C. § 636(b)(1)(C). A district court reviews *de novo* those portions of the report to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. District courts are not required, however, to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1220 (D. Ariz. 2003) (accepting, without review, a Report and Recommendation to which no objection was filed in connection with a 28 U.S.C. § 2241 petition).

## III. DISCUSSION

Having reviewed the R & R, and no objections having been made by any party, the Court hereby incorporates and adopts the R & R in full.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation (Doc. 18) is **accepted**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied as moot** and **dismissed with prejudice**.

/ /

/ /

/ /

---

[2] After a copy of the R & R was sent to Petitioner, the Court received a notice reading, "Mail Returned as Undeliverable. Mail sent to Rustam Ulfanov. Reason for return: Return to Sender: Detainee Released." (Doc. 19.) This Court has previously warned Petitioner that he must file a notice of change of address with the Court or risk "dismissal of this action." (Doc. 8 at 3.)

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case.

Dated this 15th day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge